WARNER, J.
 

 The court sua sponte withdraws the previously issued opinion and issues the following corrected opinion.
 

 Kason Meme appeals his conviction for possession of cocaine, arguing that the trial court erred in failing to grant a motion for judgment of acquittal, because the state presented insufficient proof that he had actual or constructive possession of cocaine. We disagree and affirm, as the state offered evidence the totality of which would support a finding of possession.
 

 In the very early hours of the morning, Corporal Anthony Combs observed a vehicle with an expired license tag. He activated his lights and had a clear view of the interior of the car. As he did so, he observed the driver of the vehicle make a furtive movement, bending down as if to his feet and toward the right side of the floorboard. He did not see him drop anything. While he observed three other people in the car, no one else made any moves. The driver then stopped the vehicle in a plaza, and the officer approached the vehicle, immediately smelling the odor of marijuana. The driver, Kason Meme, appeared to be nervous and sweating and uttered statements such as “I’m going to jail.”
 

 The officer went back to his vehicle to write a citation for driving with an expired tag. When he re-approached the vehicle, he asked to search it, based upon the smell of marijuana, and Meme consented. The officer located a tube containing cocaine under the seat in the same area where the officer had observed Meme bend down right before the stop. The cylinder was under the seat “but not that far back.” When the officer placed Meme under arrest for possession of cocaine, he continued to make statements, such as “I’m going to jail. My life is over.”
 

 The state charged Meme with possession of cocaine, and Meme elected to waive a jury. At'trial, the state presented the officer’s testimony and then rested. After the trial court denied a motion for judgment of acquittal, Meme’s cousin, who was the front seat passenger, and Meme both testified. They both denied that Meme had leaned over when the officer first observed the vehicle. Each said that the two occupants in the back seat were not well known to them and were simply going clubbing with them. They denied knowingly possessing any cocaine.
 

 The court found that the state had proved constructive possession of cocaine by Meme. Meme was in close proximity to
 
 *256
 
 the tube and just prior to the stop had reached down in the area where the cocaine was located. The court mistakenly found that, “There were only two people in the car at the time, and the other person was the passenger.” Based upon this recitation, the court found that the state had proved its case beyond a reasonable doubt. Meme was sentenced to time served. He appeals.
 

 A motion for judgment of acquittal should be granted only when it is apparent that no legally sufficient evidence has been submitted under which a jury could find a verdict of guilty.
 
 Toole v. State,
 
 472 So.2d 1174 (Fla.1985). In this circumstantial evidence case, the state is not required to rebut every possible variation of the events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. The question of whether the evidence fails to exclude any reasonable hypothesis of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, the verdict will not be reversed on appeal.
 
 State v. Law,
 
 559 So.2d 187, 188 (Fla.1989).
 

 The standard jury instructions set out the three elements that must be proven to establish possession of cocaine under section 893.13(6)(a), which are: 1) that the defendant possessed a substance; 2) that the substance was cocaine; and 3) that the defendant had knowledge of the presence of the substance. Fla. Std. Jury Instr. (Crim.) 25.7. Possession may be actual or constructive. “Possession is actual when the contraband is (1) in the defendant’s hand or on his person, (2) in a container in the defendant’s hand or on his person, or (3) within the defendant’s” ‘ready reach’
 
 “and
 
 the contraband is under his control.”
 
 Sundin v. State,
 
 27 So.3d 675, 676 (Fla. 2d DCA 2009)(emphasis original).
 

 In
 
 Dupree v. State,
 
 705 So.2d 90 (Fla. 4th DCA 1998), we summarized the requirements to prove constructive possession:
 

 If the premises on which the contraband is found is in joint, rather than exclusive, possession of a defendant, knowledge of the presence of the contraband on the premises and the accused’s ability to maintain control over it will not be inferred, but must be established by independent proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises.
 

 Id.
 
 at 94 (citations omitted). Mere proximity to the contraband, however, is insufficient to prove either actual or construction possession.
 
 Id.;
 
 Fla. Std. Jury Instruction (Crim.) 25.7 (2007). And, “[wjhen contraband is found in a vehicle which is in the possession of two or more persons, circumstantial evidence of the defendant’s knowledge of the presence of the contraband must be consistent with the accused’s guilt, inconsistent with innocence, and must exclude every reasonable hypothesis except that of guilt.”
 
 Daniels v. State, 111
 
 So.2d 1113, 1117 (Fla. 4th DCA 2001).
 

 Whether this is considered an actual possession case or a constructive possession case, we conclude that the state presented sufficient evidence to withstand the motion for judgment of acquittal. When the officer shined his light on the vehicle, he saw Meme reach down to the same location where the cocaine container was found upon search,
 
 “almost
 
 under the seat but not that far back.” (emphasis supplied). The officer provided a demonstra
 
 *257
 
 tion of its location to the court during his testimony. Officer Combs saw no one else in the vehicle move. In addition, Meme acted extremely nervous when stopped and told the officer that “My life is over” and “I’m going to jail.” While these statements could have been directed to the smell of marijuana in the car, Meme repeated them when the officer told him he was under arrest for possession of cocaine, not marijuana. This combination of circumstantial evidence is inconsistent with Meme’s hypothesis of innocence that he did not know that the cocaine was in the vehicle.
 

 The cases cited by Meme do not support reversal because none of them have all of the factors present in this case, and in particular do not involve a situation where the defendant was seen reaching to the place where the contraband was found. For instance, in
 
 Hill v. State,
 
 736 So.2d 133, 134 (Fla. 1st DCA 1999), the circumstances showed only mere proximity plus nervousness of the defendant and was insufficient to prove possession.
 
 In the Interest of E.H.,
 
 579 So.2d 364 (Fla. 4th DCA 1991), also relied on by appellant, involved mere proximity to cocaine in a vehicle jointly occupied by the defendant and a passenger.
 

 In
 
 Daniels v. State,
 
 a case factually similar to this case, we held that a motion for judgment of acquittal should have been granted. 777 So.2d at 1117. There, however, the similar facts
 
 were not
 
 inconsistent with the defendant’s hypothesis of innocence. An officer stopped a vehicle and observed the appellant, the driver, lean toward the passenger side floor board.
 
 Id.
 
 at 1114. When he approached the vehicle, the appellant seemed very nervous. The officer then observed the passenger holding a vial which he then dropped in the back seat. The officer retrieved the vial which contained cocaine. Our court held that a judgment of acquittal should have been granted, because the circumstances did not show possession by the appellant. Instead, the drugs had been in the exclusive possession of the passenger just prior to their being dropped by the passenger into the back seat. We discounted the view that the appellant’s leaning over to the passenger side showed possession. Appellant explained his movement, stating that he was actually going toward the glove box to get out his registration. Thus, the evidence of his leaning over to the passenger side of the vehicle not only did not show actual possession, as the drugs were being held by the passenger, but also showed that the state’s evidence was not inconsistent with the appellant’s reasonable hypothesis of innocence. In this case, however, Meme offered no such innocent explanation for the movement observed by the officer, instead claiming that he did not lean down, thus presenting the disputed issue of fact.
 

 Although the court mistakenly stated that there were only two passengers in the vehicle, the motion for judgment of acquittal was still correctly denied. The totality of the independent evidence was sufficient to prove possession of the cocaine by Meme.
 

 Meme also raises a claim of ineffective assistance of counsel for failure to file a motion to suppress, but we do not address it. This is not one of those claims so apparent on the face of the record that it may be addressed on direct appeal.
 
 See Henley v. State,
 
 719 So.2d 990 (Fla. 4th DCA 1998). We have also examined the other issue raised on appeal and find no error.
 

 Affirmed.
 

 TAYLOR and CONNER, JJ., concur.