HAZOURI, J.
F.Q., a child, appeals the adjudication of delinquency for possession of cannabis. F.Q. contends the trial court erred in denying his motion for judgment of dismissal because the State’s witness did not testify that the baggie that contained marijuana was ever in F.Q.’s possession. We agree and reverse.
In juvenile proceedings, a motion for judgment of acquittal is ... referred to as a motion for judgment of dismissal. See Fla. R. Juv. P. 8.110(k). However, the same de novo standard of review that applies to a motion for judgment of acquittal applies to a motion for judgment of dismissal because the motion tests the legal sufficiency of the state’s evidence.
W.W. v. State, 993 So.2d 1182, 1184 (Fla. 4th DCA 2008).
Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Fitzpatrick v. State, 900 So.2d 495, 507 (Fla.2005).
However, “[i]f the evidence, taken in a light most favorable to the state does not support a conviction, the motion must be granted.” T.L.T. v. State, 53 So.3d 1100, 1102 (Fla. 4th DCA 2011).
The testimony at trial reflects that in the mid-afternoon, a law enforcement officer approached F.Q. and another child who were sitting in the backyard of an abandoned house. As the officer approached, he saw F.Q. discard one bag that appeared to contain marijuana, and he saw the other child discard two baggies that appeared to contain marijuana. A third child was at the scene and attempted to flee when the officer approached. The officer did not pay attention to F.Q. and the second child while he was trying to subdue the third child. Only one of the three baggies was admitted into evidence; it tested positive for cannabis. The officer did not testify as to which child dropped the baggie that was admitted in evidence, and there was no testimony about any examination by any officers as to the contents of the other baggies.
Here the State proved the substance in one baggie was marijuana, and that the baggie was found at the scene. However, the State did not prove that the baggie *785 that was admitted into evidence was the same baggie that F.Q. dropped. Further, the circumstantial evidence of actual possession “created nothing more than a strong suspicion of ... guilt”, requiring the State to prove F.Q.’s constructive possession. Davis v. State, 761 So.2d 1154 (Fla. 2d DCA 2000) (bag of cocaine found in alleyway where defendant was tackled after officers observed defendant meeting several persons who carried money in their hands was insufficient circumstantial evidence of actual possession where no witnesses saw defendant with drugs or throwing anything during the chase). Although there was evidence F.Q. threw a baggie, where there were three baggies thrown, and only one that was tested for drugs, the circumstantial evidence presented at trial did not establish F.Q.’s actual possession of the baggie containing marijuana.
Additionally, the evidence was not sufficient to establish F.Q.’s constructive possession of the baggie admitted into evidence. Although there was evidence that F.Q. was aware of all the baggies thrown, there was no evidence he exercised dominion and control over the baggie admitted into evidence, and that he knew the baggie contained marijuana. Cf. Isaac v. State, 730 So.2d 757 (Fla. 2d DCA 1999) (holding that judgment of acquittal should have been granted after state rested, as the evidence did not establish constructive possession where it showed only that the defendant and another man were passing a baggie of marijuana back and forth, and one of the men dropped it when they noticed an officer was observing them). Compare with Stevens v. State, 782 So.2d 550 (Fla. 5th DCA 2001) (state proved constructive possession where defendant and other man did not begin passing cigar tube containing crack cocaine back and forth until after they saw deputies, they were both in possession of the cigar tube when it was dropped, and defendant had a large amount of cash on his person when he was arrested, which was organized by denomination, and the deputies testified this was a characteristic of drug dealers).
We therefore reverse and remand to vacate the adjudication of delinquency.

Reversed and remanded for vacation of conviction.

DAMOORGIAN and CIKLIN, JJ., concur.