TAYLOR, J.
Adam Tramane Williams appeals his conviction and sentence for possession of cocaine with intent to sell or deliver. He argues that the trial court erred in denying his motion for judgment of acquittal because, the state failed to present sufficient evidence that he had actual or constructive possession of cocaine.[1] We agree and reverse.
An officer on road patrol received a BOLO that there was an active arrest warrant for appellant in connection with a murder. The officer went to an area where he thought he might find appellant. When the officer arrived at this location, he saw appellant sitting on the front porch of a house with several other men. The officer parked his car in the driveway. When the officer exited the vehicle, appellant went inside the house, shut the door, and locked it. The other men remained in front of the house and did not move.
The officer waited outside the house until backup officers arrived. When the backup officers arrived, they established a perimeter around the house and waited for a search warrant. Shortly thereafter, appellant came out the front door of the house with his hands up.
As officers were handcuffing appellant in the front yard, an officer with a drug detection dog, Bingo, arrived at the scene. Bingo sat by the front door next to the *428 officer. Suddenly, Bingo threw his head up and started sniffing along the front of the house. Bingo approached an open window to the left of the front door and jumped up with his paws on the windowsill. When the officer attempted to stop Bingo from jumping into the window, he noticed a Krazy Glue tube on the inside windowsill.
No one entered or exited the house while the officers waited for the search warrant. Once they obtained the search warrant, the canine officer used Bingo to search the house. Bingo alerted again to the windowsill, where the Krazy Glue tube was located. Sixty crack cocaine rocks were found inside the tube. Bingo did not alert on any other drugs or drug paraphernalia in the house.
No fingerprints were recovered from the Krazy Glue tube or the windowsill. No one saw appellant in actual possession of the cocaine or even in close proximity to it. The police investigation revealed that the house was leased to a female and that “a lot of individuals sit at this house and frequent this house.” The house did not look like anyone lived there.
An officer transported appellant from the scene to the police department. During the transport, appellant told the officer, “I ran into the house to put up my dope. I’m a dope boy, you know how we do. I might sell a little dope, but I ain’t never killed anybody.”
At the close of the state’s case, defense counsel moved for a judgment of acquittal. He argued that the case was based on circumstantial evidence and that the state failed to exclude a reasonable hypothesis that the cocaine found by the police belonged to someone else. He argued that anyone who had access to the house could have placed the container of cocaine rocks on the windowsill.
The court denied the motion for judgment of acquittal and, after the defense rested, the jury found appellant guilty as charged. At sentencing, defense counsel informed the court that appellant had 43.2 points on the score sheet and requested the court sentence him to two years drug offender probation. Instead, the court followed the state’s recommendation to sentence appellant to fifteen years in state prison because of his extensive criminal history.
“A motion for judgment of acquittal should be granted only when it is apparent that no legally sufficient evidence has been submitted under which a jury could find a verdict of guilty.” Meme v. State, 72 So.3d 254, 256 (Fla. 4th DCA 2011) (citing Toole v. State, 472 So.2d 1174 (Fla.1985)). The standard of review on a motion for judgment of acquittal is de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. Id.
Possession of cocaine may be either actual or constructive. Meme, 72 So.3d at 256. Actual possession exists where a defendant has physical possession of contraband. See Scruggs v. State, 785 So.2d 605, 607 (Fla. 4th DCA 2001). Constructive possession exists where a defendant does not have actual physical possession of contraband but knows of its presence on or about his premises and has the ability to exercise dominion' and control over it. Duncan v. State, 986 So.2d 653, 655 (Fla. 4th DCA 2008). Mere proximity to contraband, standing alone, is insufficient to establish constructive possession of the substance. Brown v. State, 8 So.3d 1187, 1188 (Fla. 4th DCA 2009); Edmond v. State, 963 So.2d 344, 346 (Fla. 4th DCA 2007). The state must present independent proof of the defendant’s knowledge and ability to control the contraband. Martoral v. State, *429 946 So.2d 1240, 1242-43 (Fla. 4th DCA 2007). However, in the case of jointly-occupied premises, the knowledge element may be satisfied where the contraband is found in plain view in a common area of the premises. Brown v. State, 428 So.2d 250, 252 (Fla.1983); Mitchell v. State, 958 So.2d 496, 500 (Fla. 4th DCA 2007).
Here, the evidence showed that several people were at the residence when the cocaine rocks were found by the police. Appellant did not live at the residence; it was leased to a female and frequented by drug dealers. No one observed appellant near the windowsill where the cocaine was found or saw him in physical possession of the cocaine. Appellant’s fingerprints were not found on the Krazy Glue container or anywhere near the area. No evidence was presented that appellant knew of the presence of the cocaine found on the windowsill or that the cocaine was so close to him as to be within his ready reach. Moreover, the evidence did not establish that the Krazy Glue container of cocaine rocks was actually in plain view in a common area; the evidence showed only that it was found on the interior windowsill of a window. See, e.g., Edmond, 963 So.2d at 346 (noting that “[t]he authority upholding a constructive possession conviction in the case of a defendant’s joint possession of the premises where the drugs or contraband were found in plain view and in a common area are of no help to the State here because there was no evidence that the drugs and contraband were found in plain view in a common area.”).
The state argues that this was not a case involving constructive possession, but a case involving actual possession established by independent evidence. The state contends that appellant’s entry into the house upon the arrival of the police and his statement that “I ran into the house to put up my dope” provided independent proof that he actually possessed the cocaine rocks found on the windowsill. Alternatively, the state argues that these circumstances furnished independent proof from which the jury could reasonably infer the accused’s knowledge of the presence of the drugs and the ability to exercise dominion and control over them. We disagree.
Appellant’s statement that he went into the house to “put up” his dope does not tend to prove actual or constructive possession of the cocaine found on the windowsill. See Clark v. State, 670 So.2d 1061, 1062 (Fla. 2d DCA 1996) (noting that although the defendant’s statement showed that he might be in possession of other cocaine, it was not sufficient to show he was in possession of the cocaine found during execution of the search warrant). The fact that appellant may have been hiding other “dope” does not prove that he possessed the cocaine that was found inside the Krazy Glue container on the windowsill. Indeed, placing cocaine on the windowsill of an open window, with police outside watching the premises, is contrary to the state’s theory regarding appellant’s statement of hiding or destroying his drugs.
In sum, the state’s evidence failed to connect the cocaine rocks found on the windowsill of the house to appellant and to establish his knowledge of the drugs and ability to control them. The evidence in this case was insufficient for conviction for actual or constructive possession of the cocaine. Accordingly, we reverse the trial court’s denial of appellant’s motion for judgment of acquittal and remand for discharge.

Reversed and Remanded for Discharge.

WARNER and KLINGENSMITH, JJ., concur.

. We find the other argument raised by the appellant to be without merit.