MAY, J.
The defendant appeals orders revoking his community control based on violations for possession of drug paraphernalia. He argues the trial court erred in revoking his community control because there was insufficient proof that he constructively possessed the paraphernalia, and in any event, the violation was not willful and substantial. We agree and reverse.
The defendant was placed on community control following a plea in three separate cases. The Affidavit of Violation, filed in each case, alleged the defendant violated his community control by his arrest for possession of marijuana. Over defense objection, the State amended the affidavits at the violation hearing to include possession of drug paraphernalia: A water bong, digital scales, and a grinder.
Testimony revealed that the defendant and his roommate lived in a one bedroom apartment. The defendant slept on the couch in the main living room; the roommate slept in the bedroom.
Two probation officers, accompanied by two law enforcement officers, arrived at the defendant’s residence to conduct a random search. The officers asked the defen *275 dant to restrict a dog, and then had the defendant and his roommate sit on the couch while they searched the apartment. One officer discovered a water bong and four small digital scales behind the couch. The other officer found a grinder, allegedly containing marijuana residue, on a coffee table in front of the couch. None of the items were field or lab tested.
Over defense objection, one officer identified the substance in the grinder as marijuana. She testified the grinder was used to crush marijuana leaves and separate the seeds; she was unaware of any other use for the grinder. Yet, the other officer, who found the water bong and scales, was unable to verify the residue on the scales and the bong as marijuana. Defense counsel moved for a judgment of acquittal following the State’s case. The trial court denied the motion.
The defendant testified and denied knowledge or possession of the items. He saw his roommate take the water bong out of his bedroom and put it behind the couch just before the officers came into the apartment. He first became aware of the scales and the grinder when the probation officers retrieved them. He denied using marijuana and had a negative result on his drug test.
Defense counsel again moved for a judgment of acquittal, arguing insufficient evidence of constructive possession of both the marijuana and the paraphernalia. The trial court agreed that the State failed to prove the defendant constructively possessed either the marijuana or the water bong. The court concluded, however, that the defendant constructively possessed the scales and grinder. The court revoked community control and sentenced the defendant.
On appeal, the defendant argues the trial court abused its discretion in finding that the State proved a willful and substantial violation of his community control by possessing drug paraphernalia. We agree.
We review an order revoking probation for abuse of discretion. Williams v. State, 896 So.2d 805, 806 (Fla. 4th DCA 2005) (citing Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992)).
“‘For a violation of a condition of probation to trigger a revocation, the violation must be willful and substantial, and the state must prove it by the greater weight of the evidence.’” Myers v. State, 931 So.2d 1069, 1071 (Fla. 4th DCA 2006) (quoting Tobias v. State, 828 So.2d 1066, 1068 (Fla. 4th DCA 2002)). Here, the trial court revoked community control for the defendant’s constructive possession of drug paraphernalia, having found insufficient evidence of marijuana or the water bong. We must consider whether the State presented sufficient evidence that the defendant constructively possessed the grinder and scales.
Possession may be either actual or constructive. Williams v. State, 154 So.3d 426, 428 (Fla. 4th DCA 2014) (citing Meme v. State, 72 So.3d 254, 256 (Fla. 4th DCA 2011)). Actual possession exists where a defendant has physical possession of contraband. Id. Here, it is undisputed the defendant did not physically possess any of the items.
Since the paraphernalia was not found on the defendant, the State had to prove constructive possession. The apartment was jointly occupied. The defendant slept on the couch in the living room — a common area of the apartment. “To establish constructive possession, the state must show that the defendant had knowledge. of the contraband’s presence and the ability to exercise dominion and control over it.” Duncan v. State, 986 So.2d 653, *276 655 (Fla. 4th DCA 2008) (citing Edmond v. State, 963 So.2d 344, 345-46 (Fla. 4th DCA 2007)).
When the officer discovered the water bong and the scales, they were not in plain view; they were hidden behind the couch. The trial court specifically found the State’s evidence lacking on both possession of marijuana and the water bong. We likewise cannot infer the defendant’s knowledge of, or dominion and control over, the scales. The State had no independent evidence that the defendant knew of or had the ability to control, the scales. Mitchell v. State, 958 So.2d 496, 500 (Fla. 4th DCA 2007).
This leaves only the grinder. Proof of mere proximity to the contraband is insufficient to prove constructive possession. Edmond, 963 So.2d at 346. If the premises is jointly occupied, the defendant’s knowledge of the contraband’s presence AND his ability to control the contraband must be established by independent proof. Mitchell, 958 So.2d at 500. The State failed to prove either the defendant’s knowledge or his ability to control the grinder.
Although the grinder was found in plain view on the coffee table, the probation officer testified that there was only a small amount of residue located inside the grinder. The trial court noted at the hearing that it could not see any residue in the grinder at all. Plain view may permit an inference that the defendant knew of the grinder’s existence, but in this case there was insufficient proof that the defendant knew of its illicit nature or had the ability to exercise dominion and control over it.
The premises was leased by the roommate. The defendant moved into the apartment a couple of months before the search and slept on the couch. The defendant was told to secure the dog before the officers came into the apartment, which gave him plenty of time to remove the grinder from plain view if he had thought that it was illicit in nature. The defendant testified that he was unaware of the grinder until it was brought to his attention by one of the officers. Under these facts, the evidence did not support the defendant’s constructive possession of the grinder.
“In achieving the revocation of a defendant’s probation, it is incumbent upon the state to establish that the defendant willfully violated the terms of his probation. Where a defendant makes reasonable efforts to comply with probation conditions, his failure to do so may not be willful.” Scott v. State, 485 So.2d 40, 41 (Fla. 2d DCA 1986) (internal citation omitted). In sum, the State’s evidence fell short of that required to prove constructive possession of paraphernalia. It certainly did not prove a willful and substantial violation of the defendant’s community control.
We therefore reverse and remand the case to the trial court to restore the defendant to his original sentence.

Reversed and remanded for reinstatement of the defendant’s original sentence.

TAYLOR and DAMOORGIAN, JJ., concur.