DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.C.R.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4627

[August 12, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Ronald V. Alvarez, Judge; L.T. Case No. 13CJ002893AMB.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant R.C.R., a child, appeals the final disposition order finding him guilty of possession of cocaine and criminal mischief, adjudicating him delinquent, and sentencing him to a commitment program and to post-commitment probation. Appellant challenges the sufficiency of the evidence to support a finding that he constructively possessed cocaine. We agree the evidence was insufficient to show actual or constructive possession under the circumstances and, therefore, reverse.

## Background

Appellant was arrested on a charge unrelated to the instant case. When Appellant was on the ground during the arrest, an officer searched inside his pockets, removing only a cell phone. During the arrest, Appellant was uncooperative and kept trying to pull away from the deputy. The deputy conducted a search of Appellant for weapons, which was primarily a pat-down search of Appellant's outer layers of clothing. Appellant then was placed in the back of a patrol car. Appellant was screaming, kicking, and thrashing around in the back of the car. Appellant's thrashing caused

physical damage to the police vehicle. He was placed in handcuffs and a hobble restraint.

Appellant then was transported to a hospital to be medically cleared, which he was, and he next was taken to a juvenile assessment center. The deputy observed Appellant moving around from side to side or ducking down during the drive.

The deputy drove the patrol car back to the station to review the damage. At the station, the deputy opened the back driver's side door and saw a plastic baggie with a white substance in between the seat and the doorframe. The deputy testified that she did not see it earlier because of the angle she was standing when she opened the door and because it was dark outside. The deputy photographed the baggie and then field-tested the substance in the bag, which tested positive for cocaine. She did not test it for fingerprints or DNA.

The deputy never saw Appellant with a baggie of cocaine, but she testified that the baggie was not there when she checked her vehicle at the beginning of her shift and Appellant was the only person in her patrol car that day. No one had been in the back of the car for five days prior. The deputy testified that the baggie did not belong to her. Appellant testified he was never in possession of cocaine that night.

Appellant was charged with possession of cocaine and criminal mischief. The case proceeded to a bench trial. Testimony was taken as to the above facts. Appellant moved for judgment of dismissal at the end of his case as to the charge of possession of cocaine, arguing that the circumstantial evidence is susceptible to an interpretation that Appellant is innocent because someone else could have left the baggie in the vehicle and this reasonable hypothesis was not rebutted. Appellant also argued that, because the baggie was not in plain view, the State does not get the benefit of the presumption that Appellant had knowledge of the cocaine in the vehicle to establish constructive possession. The trial court did not expressly deny the motion, but it found Appellant guilty as charged. This appeal followed.

**Standard of Review**

We review the sufficiency of the evidence for a judgment of dismissal in delinquency proceedings de novo. *F.Q. v. State,* 98 So. 3d 783, 784 (Fla. 4th DCA 2012). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to

2

sustain a conviction." *Id.* (quoting *Fitzpatrick v. State*, 900 So. 2d 495, 507 (Fla. 2005)).

## Analysis

The crime of possession of cocaine requires a showing that (1) the defendant possessed a substance, (2) that substance was cocaine, and (3) the defendant had knowledge of the presence of the substance. *Meme v. State*, 72 So. 3d 254, 256 (Fla. 4th DCA 2011) (referencing § 893.13(6)(a), Fla. Stat.). In the instant case, the fact that the substance was cocaine is not in dispute. The element in dispute is possession, which may be shown by actual possession or constructive possession. *Williams v. State*, 154 So. 3d 426, 428 (Fla. 4th DCA 2014).

## A. No Evidence of Actual Possession

"Possession is actual when the contraband is (1) in the defendant's hand or on his person, (2) in a container in the defendant's hand or on his person, or (3) within the defendant's 'ready reach' *and* the contraband is under his control." *Meme*, 72 So. 3d at 256 (internal quotations and citation omitted) (emphasis in original).

The State maintains that Appellant had actual possession of the cocaine. However, there was no testimony that Appellant had the cocaine in his hands or that the cocaine was found in a container that Appellant was holding or otherwise on his person. In fact, the deputy said she never saw Appellant with the cocaine and the baggie was not found when Appellant's pockets were searched or when he was patted down, *before* he was placed in the patrol car.

Additionally, the facts do not support that the cocaine was within Appellant's "ready reach" *and* was under his control. *Id.* Appellant was handcuffed and hobbled in the back of the patrol car. As such, very little was in his "ready reach," and it is unlikely that he could have maneuvered his handcuffed hands and control an object below the seat in the door jamb. Even if the cocaine was physically within his reach, it does not appear to have been in his *ready* reach where significant maneuvering would have been required to get to that location. The testimony was only that the deputy observed Appellant moving side-to-side a couple of times and once or twice he ducked down a little bit. *Cf. id.* at 256-57 (finding "ready reach" where the defendant was driving a car without any physical restraints and was seen by the officer reaching down to the area where the contraband was eventually found and no one else in the vehicle had moved); *McCoy v. State*, 840 So. 2d 455, 456 (Fla. 4th DCA 2003) (finding

"ready reach" where the defendant was sitting alone on a front porch and the contraband was in a cup in arm's reach of him); *State v. Williams*, 742 So. 2d 509, 510, 512-13 (Fla. 1st DCA 1999) (finding "ready reach" where the defendant was driving a vehicle unrestrained and, after he exited the vehicle, officers found a baggie of cocaine in between the driver's seatbelt connector and the center console).

## B. No Evidence of Constructive Possession

In regards to constructive possession, we have explained,

> Constructive possession exists where a defendant does not have actual physical possession of contraband but knows of its presence on or about his premises and has the ability to exercise dominion and control over it. Mere proximity to contraband, standing alone, is insufficient to establish constructive possession of the substance. The state must present independent proof of the defendant's knowledge and ability to control the contraband.

*Williams*, 154 So. 3d at 428 (citations omitted). When the defendant has exclusive possession of the area where the contraband is found, "the defendant's knowledge of the contraband and ability to maintain control over it may be presumed" for purposes of constructive possession. *Sinclair v. State*, 50 So. 3d 1223, 1225-26 (Fla. 4th DCA 2011). In the possession context, we have construed the term "exclusive" to mean "vested in one person alone." *Lee v. State*, 835 So. 2d 1177, 1179 (Fla. 4th DCA 2002).

In the case of jointly-occupied premises, the knowledge and ability to control elements will not be inferred and must be established by independent proof. *Brown v. State*, 428 So. 2d 250, 252 (Fla. 1983).

> Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises.

*In re E.H.*, 579 So. 2d 364, 365 (Fla. 4th DCA 1991) (quoting *Murphy v. State*, 511 So. 2d 397, 399 (Fla. 4th DCA 1987)). Additionally, the knowledge element "may be satisfied where the contraband is found in plain view in a common area of the premises." *Williams*, 154 So. 3d at 429.

In our instant case, the first issue is thus whether Appellant had exclusive control of the area where the contraband was found. The facts are not in favor of finding exclusive control under our definition. Control of the backseat of the patrol car was not vested in Appellant alone. *Lee*, 835 So. 2d at 1179. While the deputy testified that she checked her vehicle the morning of her shift and the contraband was not there, there is no testimony as to when the baggie was placed in the car; and, even though no other arrestees were in the backseat during Appellant's arrest, multiple officers had access to the backseat (and specifically the area between the seat and the door jamb) during the range of potential time that the baggie could have been placed there. Additionally, the deputy was in control of her vehicle the entire time, further making Appellant's control only jointly held. Therefore, without exclusive control, the elements of knowledge and control cannot be presumed to find constructive possession. *Brown*, 428 So. 2d at 252.

From the evidence presented, there was no independent proof showing that Appellant ever had knowledge of the presence of the contraband. *See In re E.H.*, 579 So. 2d at 365. There was no testimony that Appellant ever possessed any cocaine or that he had seen the baggie in the door jamb or that his statements otherwise indicated that he knew of its presence. To the contrary, the deputy testified that she never saw Appellant with any contraband, and Appellant testified that he was never in possession of cocaine, nor did he see any cocaine that night.

Nor do the testimony and the photographic evidence support that the contraband was in plain view to establish knowledge in that sense. The photograph of the baggie of cocaine admitted into evidence showed that the baggie was found between the end of the backseat and the door, making it only visible when the door was open. The deputy testified that it could only be seen with the door open from certain angles, as she missed it when she previously had opened the door for Appellant at the hospital and then again at the detention center. Additionally, as in *Culver v. State,* 990 So. 2d 1206, 1209–10 (Fla. 2d DCA 2008), "the State did not present any fingerprint evidence, admissions, eyewitness testimony, or other evidence tending to establish . . . dominion and control." Accordingly, constructive possession was not established.

## Conclusion

Because the State did not present evidence to show Appellant's actual or constructive possession of cocaine, the State failed to present a prima facie case to overcome a judgment of dismissal. Because the trial court

5

erred in denying the motion for judgment of dismissal, we reverse and remand for resentencing on the charge of criminal mischief alone.

*Reversed.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***