MAY, J.
The defendant appeals his conviction and sentence, for possession of a short-barreled shotgun. He argues the trial court erred in denying his motion for judgment of acquittal and for admitting a videotaped recording of him. We agree ■with him on the denial of the motion for judgment of acquittal and reverse.
The State charged the defendant with contributing to the delinquency of a child, driving while license suspended or revoked, possession of a short-barreled shotgun, and carrying a concealed weapon.[1] The key issue at trial was whether the defendant possessed the short-barreled shotgun that was found in the trunk.
The defendant moved in limine to redact a portion of the State’s videotape of him with one of his co-defendants. The tape revealed the defendant stating: “It’s a good thing that we didn’t bring any drugs because they would have been in the trunk.” The State argued the statement was not unduly prejudicial because the defendant states that they did not have drugs, and it was probative because they were speaking about the trunk as a hiding place for contraband, precisely where the short-barreled gun was found. The defendant argued it was prejudicial because it made it sound as if he had been trafficking in drugs. The trial court denied the motion, explaining that the statement was relevant and the “prejudicial effect is pretty low.”
The State called a trooper, who testified that he stopped the subject vehicle for speeding. The vehicle had four occupants. *937 The defendant was the driver and the co-defendant was the front-seat passenger.[2] When the trooper approached the vehicle, he could smell the odor of marijuana, and then saw marijuana on the two back-seat passengers. He called for backup, and placed the back-seat passengers in the back of his patrol vehicle.
When his back-up arrived, he waited with the defendant and codefendant, while another trooper searched the vehicle. The search revealed a sawed-off short-barrel shotgun. He did a more thorough search of the vehicle and found it was rented by the co-defendant’s father.
The defendant and co-defendant were placed in the back-up trooper’s patrol vehicle, which was equipped with a camera. The camera recorded audio and video of the defendant and co-defendant.
No fingerprints were located on the shotgun. A firearms examiner testified that he tested the shotgun. It fired properly. Based on the marks on the barrel, he could tell that the barrel had been sawed-off.
Before resting, the State published the recording of the defendant and co-defendant, and provided the jury with transcripts. In the video, the defendant indicated that the shotgun did not belong to him. He stated that it belonged to the juvenile in the back seat of the vehicle. He thought his fingerprints might be on the shotgun, “but that don’t mean it’s mine. I can touch it, so what. I could touch your gun and whose it is, it’s not mine.” The conversation continued:
[Defendant]: I’m worried about that f-g gun. Who they gonna put the gun on? They — they could put the gun on either — all—any one of us.
[Co-defendant]: Yeah.
[Defendant]: They can’t put it on all of us, just one person. So you know what they going to do?
[Co-defendant]: What?
[Defendant]: They going to make us sit in jail and then they gonna talk to us try to make us snitch.
[Co-defendant]: Well, what are you going to say?
[Defendant]: I’m going to say it’s not mine.
[Defendant]: Good thing we didn’t bring no drugs.
[Co-defendant]: Uh huh, I would have thrown the s — t away though.
[Defendant]: Yeah, but it — it would have been in the trunk.
[Co-defendant]: No, it would have — the s — t would have been in the front. Same reason, you know what I mean.
The State rested.
The defendant moved for a judgment of acquittal. Defense counsel argued there was no evidence to establish that the defendant had dominion and control over the shotgun, and the State failed to rebut his reasonable hypothesis of- innocence. The trial court denied the motion. The defendant rested without putting on any evidence, and renewed his motion for judgment of acquittal, which the trial court denied.
The jury found the defendant guilty of possession of a short-barreled ' shotgun. The trial court adjudicated him guilty, and sentenced him to five years in prison.
On appeal, the defendant argues the trial court erred in denying his motion for judgment of acquittal. We have de novo review. Burkell v. State, 992 So.2d 848, 851 (Fla. 4th DCA 2008).
*938 “Possession of a firearm may be actual or constructive.” Sinclair v. State, 50 So.3d 1223, 1225 (Fla. 4th DCA 2011). “Constructive possession requires the State to prove “‘that the defendant had knowledge of the presence of the [contraband] and the ability to exercise dominion and control over the same” ” ” Id. (alteration in original) (quoting Ubiles v. State, 23 So.3d 1288, 1291 (Fla. 4th DCA 2010)).
“‘Knowledge of and ability to control the contraband cannot be inferred solely from the defendant’s proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant’s knowledge and ability to control the contraband.’ ” Martoral v. State, 946 So.2d 1240, 1242-43 (Fla. 4th DCA 2007) (quoting Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006)). Because the vehicle was occupied by three other individuals, the fact that the shotgun was found .in the trunk cannot serve as the only proof of the defendant’s constructive possession of. the shotgun. Instead, there must ,be .independent proof of knowledge and ability to exercise dominion and control,
The knowledge element in this case is satisfied by the defendant’s acknowledgment of the shotgun: in the recording. ■ In fact, the defendant does not dispute this element of constructive possession. The sole question is whether the defendant had the requisite ability to exert dominion and control over the shotgun.
“It is conceivable that an accused might be well aware of the presence of the [gun] but have no ability to maintain control over it.” Jean v. State, 638 So.2d 995, 996 (Fla. 4th DCA 1994). .'“In cases relying on circumstantial evidence, such as this one, the evidence must also exclude any reasonable hypothesis of innocence propounded by the defense.” Gizaw v. State, 71 So.3d 214, 219 (Fla. 2d DCA 2011). “The evidence must lead to a reasonable and moral' certainty, that-the accused and no one else committed the offense charged. It is not sufficient that the facts create a strong probability -of, and be consistent with, guilt. They must be inconsistent with innocence.” Id. (citation and internal quotation marks omitted).
In Gizaw, the Second District analyzed the issue in a case with similar facts. 71 So.3d at 215-21. There, the driver of a car gave officers permission to search her vehicle after she was stopped for speeding. Id. at 215. When officers searched the trunk, they found a suitcase, containing two bundles of cannabis and three pairs of men’s jeans, which looked like they would fit the passenger. Id. at 216. The trunk also contained some textbooks belonging to the driver, but no' fingerprints were obtained. Id.
The defendant said she was driving back from visiting the passenger’s ill grandmother in-Miami. Id. She never accessed the trunk after they left, and the passenger had the car keys while they were with his grandmother. Id. The officers found money on both the defendant .and the passenger. Id. The defendant claimed she had no knowledge of the cannabis, but both were arrested for trafficking. Id. She was. convicted. Id. at 217. -
The Second District reversed the defendant’s conviction. Id. at 221. Even though the car belonged to the defendant, the passenger held the keys and had access to the trunk while they were in Miami. Id; at 218-19. There was no evidence that the money found was connected to the drugs, the suitcase had only jeans which looked to fit the passenger, and “the suitcase had no fingerprints or belongings of [the defendant].” Id.
*939 Here, the defendant denied ownership or possession of the shotgun. Although he thought his fingerprints might be on the shotgun, there was no indication of when that might have occurred. The defendant did not own the vehicle, and there is some confusion about who was actually driving the vehicle.
In Williams v. State, 110 So.3d 59 (Fla. 2d DCA 2013), the Second District reviewed numerous cases where the State failed to establish dominion and control. Id. at 63-65. The Second District specifically noted: “[The defendant] and her passengers had equal access to the black bag containing marijuana in the hatchback of the car, but the State did not present any evidence tying the -bag to her specifically to the exclusion of her reasonable hypothesis of innocence.” Id. at 64 (emphasis added).
A tie between the contraband and the accused is a critical factor in determining the ability to exercise dominion and control. That factor was missing in this case.
The shotgun was not in plain view or in an area over which the defendant had immediate control. The defendant did not own the car. It is even questionable whether the defendant was the driver of the car.
The trunk was accessible to all occupants. See Brown v. State, 428 So.2d 250, 252 (Fla.1983) (stating that knowledge and dominion and control cannot be inferred where the area the contraband is found is in “joint, rather than exclusive, possession of a defendant”). .■
• Nothing in the trunk tied the defendant to the shotgun. There were no fingerprints or DNA linking the defendant to the shotgun. There was no evidence that the defendant ever opened the trunk. The defendant denied ownership and in fact indicated the shotgun belonged to the juvenile backseat passenger. His comment that his fingerprints might be on the shotgun was insufficient to establish constructive possession because the comment lacked indicia . of the defendant’s current ability to exert dominion and control over it. • For ■ these reasons) we reverse the defendant’s conviction and sentence.

Reversed.

WARNER, J., concurs.
CONNER, J,, dissents with opinion..

. The State ultimately nolle pressed the first two counts and the concealed weapons charge.

. There is some confusion in the testimony about who was actually driving because the defendant blamed the co-defendant for speeding, which led to the stop.