MAY, J.
The defendant appeals the denial of her motion for judgment of acquittal after she was convicted of possession of drug paraphernalia. She argues the State failed in its proof of constructive possession given the joint occupancy of the vehicle and the location of the paraphernalia. We agree and reverse.
The defendant was the driver of a vehicle that was occupied by a front seat passenger. An accident occurred. When law enforcement examined the vehicles, an officer discovered a pen wrapped in tinfoil in plain view on the driver’s side rear floorboard near the center console. The area was accessible to both the defendant and her passenger. The pen and tinfoil had burn marks on them. The residue tested positive for cocaine.
The police drew the defendant’s blood, confirming the presence of a cocaine metabolite. Two hours later, the defendant was lethargic and had a flushed face and red, watery eyes when the police took her statement. She admitted to consuming cocaine the day before. She told the police her sister owned the vehicle, but it was usually parked at her apartment and was her primary means of transportation. She admitted the items in the backseat belonged to her and her male passenger, but denied knowledge of the pen.
At the close of the State’s case, the defendant moved for judgment of acquittal. Defense counsel argued:
There has been no independent proof whatsoever that [the defendant] knew of the. drug paraphernalia in her vehicle, nor that she had the ability to exercise control over it. This is a case of not exclusive possession. There is more than one person in this vehicle.
[The defendant] was never confronted with the actual item in her vehicle by anybody. She never acknowledged knowing that it was in her vehicle. In fact, she said to law enforcement during her taped statement “I don’t know how that could have gotten there.”
The State responded that the defendant: (1) admitted to consuming cocaine; (2) was in dominion and control of the vehicle; and (3) would have seen drug paraphernalia on the back floorboard when she placed items in the backseat.
The Court denied the motion. The defendant renewed her motion for judgment of acquittal at the end of the case. The court again denied the motion.
Although the defendant was charged with a number of crimes resulting from the accident, the jury found her guilty of only the paraphernalia charge. The court sentenced the defendant to time served. From her conviction and sentence, the defendant now appeals.
The defendant argues the court erred in denying her motion for judgment of acquittal because the State failed to establish she had dominion and control of the paraphernalia. The State argues that because the defendant drove the vehicle and used it as her primary means of transportation, *203 the State proved the defendant s dominion and control of the paraphernalia.
We have de novo review. Williams v. State, 154 So.3d 426, 428 (Fla. 4th DCA 2014).
A court should deny a motion for judgment of acquittal if, after viewing the evidence in the light most favorable to the State, the State presents competent, substantial evidence to establish each element of the offense. Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
Possession may be actual or constructive, Whiting v. State, 169 So.3d 273, 275 (Fla. 4th DCA 2015). “Constructive possession exists where a defendant does not have actual physical possession of contraband but knows of its presence on or about his premises and has the ability to exercise dominion and control over it.” Williams, 154 So.3d at 428.
Knowledge and control “cannot be inferred solely from the defendant’s proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant’s knowledge and ability to control the contraband.” Hudson v. State, 198 So.3d 935, 938 (Fla. 4th DCA 2016) (citations omitted). “A tie between the contraband and the accused is a critical factor in determining the ability to exercise dominion and control.” Id.
In Williams, we held the defendant’s statement that he “ran into the house to put up [his] dope” did not indicate possession of the same cocaine found on the windowsill in the house. Williams, 154 So.3d at 428-29. Similarly, the defendant’s admission that she consumed cocaine the day before alone does not prove she used the pipe found in the car.
In a case of a jointly-occupied vehicle, “even where drugs are found in plain view, the evidence will be insufficient to establish constructive possession unless there is evidence that the defendant exercised dominion and control over the drugs.” Martoral v. State, 946 So.2d 1240, 1243 (Fla. 4th DCA 2007).
Recently, we reversed a conviction for possession of a short-barreled shotgun found in the trunk of the car the defendant was driving. Hudson, 198 So.3d at 939. The shotgun was not in an area over which the defendant had immediate control. Id, We reversed his conviction because nothing in the trunk tied him to the shotgun. Id.
Here, the defendant was driving the vehicle and routinely used it for transportation. The items in the backseat were owned by both the defendant and her passenger. While the pipé was arguably within her reach, it was also within the passenger’s reach. Although the defendant admitted consuming cocaine the day before the incident, that did not prove her dominion or control over the pipe in the vehicle. •
Put simply, the State did not prove the defendant’s constructive possession of the paraphernalia. We therefore reverse the defendant’s conviction and sentence.

Reversed.

CIKLIN, C.J., and DAMOORGIAN, J., concur.