986 So.2d 653 (2008)
Willie James DUNCAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3343.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
Rehearing Denied August 18, 2008.
*654 Michael R. Hanrahan, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his conviction for possession of cocaine with intent to sell. He claims that the state failed to prove constructive possession of the cocaine found in the house. Based upon the totality of the circumstances, the state presented sufficient evidence of constructive possession. We therefore affirm.
Officers with the Delray Beach Police Department executed a search warrant at appellant's residence. A search of the home revealed a crack cocaine rock, $4,547 in currency, plastic baggies with cocaine residue, a digital scale, bowls and spoons with cocaine residue, baggies typically used to package cocaine, loose cocaine, and marijuana.
When the officers executed the search warrant, appellant and two other persons were in the home. All were handcuffed and taken outside. Officers searched appellant's bedroom. One found $4,547, including a marked twenty dollar bill, under the mattress in the bedroom. On top of the dresser, another officer found two baggies used to package narcotics, which tested positive for the presence of cocaine powder. A third officer found two bags of marijuana inside the pocket of a jacket that was hanging in the closet. Officers found clear plastic baggies consistent with the packaging and distributing of cocaine in the bedroom and throughout the house.
Still another officer searched the kitchen and utility room. In the kitchen on the top of the refrigerator in plain view, he found two large bowls with cocaine powder residue. In the utility room he found in plain view a digital scale, which is primarily used for measuring amounts of cocaine and other narcotics, "one by one" baggies with cocaine residue, and a spoon with cocaine powder. The final officer searched the Florida room, which is like a family room, and found in plain view on the TV stand, crack cocaine as well as a DVD case, spoon, and plastic bag all with cocaine residue.
At the close of the state's case, defense counsel moved for a judgment of acquittal on the grounds that the state did not prove appellant's knowledge of the drugs. He was not in the Florida room where officers found the cocaine and thus could not be in constructive possession of it. The court denied the motion. Ultimately, appellant was convicted of possession with intent to sell, and he appeals.
Our supreme court has explained the applicable standard of review as follows:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence. *655 If, after viewing the evidence in a light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Reynolds v. State, 934 So.2d 1128, 1145 (Fla.2006) (citations omitted). "In moving for a judgment of acquittal, a defendant `admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" Id. (quoting Beasley v. State, 774 So.2d 649, 657 (Fla. 2000)).
Because officers apprehended appellant in a room other than where the cocaine was found, the state needed to establish that he had constructive possession of the cocaine. To establish constructive possession, the state must show that the defendant had knowledge of the contraband's presence and the ability to exercise dominion and control over it. Edmond v. State, 963 So.2d 344, 345-46 (Fla. 4th DCA 2007) (citing Lee v. State, 835 So.2d 1177, 1178 (Fla. 4th DCA 2002)). Where the premises are in joint possession, knowledge of the contraband's presence and the defendant's ability to control the same will not be inferred and must be established by independent evidence. Id. at 346 (citing Mitchell v. State, 958 So.2d 496 (Fla. 4th DCA 2007); Wagner v. State, 950 So.2d 511, 513 (Fla. 2d DCA 2007)). "Such evidence `may consist of evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant's knowledge.'" Id. (quoting Wagner, 950 So.2d at 513).
The knowledge element is satisfied where the contraband is found in plain view in a common area of the premises. Id. (citing Mitchell, 958 So.2d at 500). Likewise, the dominion and control element may be met where the defendant has the ability the exercise control over the premises where the contraband is found. State v. Reese, 774 So.2d 948, 949-50 (Fla. 5th DCA 2001); Johnson v. State, 456 So.2d 923, 924 (Fla. 3d DCA 1984). "[J]oint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession." Brown v. State, 428 So.2d 250, 252 (Fla.1983).
This case is very similar to Bradshaw v. State, 509 So.2d 1306 (Fla. 1st DCA 1987). In Bradshaw, appellant lived in the house along with her siblings. Five people including appellant were present in the house when the search warrant was executed. Officers found in the common area of the house a plastic baggie containing cocaine on the top of the kitchen counter, although appellant was not in the kitchen when the officers entered the house. Citing Brown v. State, 428 So.2d 250, 252 (Fla.1983), the First District found "that the evidence that cocaine in a plastic baggie was in plain view on the counter top in the kitchen, a common area of appellant's house over which she had control, was sufficient to create a question for the trier of fact as to constructive possession of the cocaine." Id. at 1309.
In this case, appellant was an occupant of the house. Cocaine was found in plain view on the TV stand in the Florida room, a room used by all the house occupants. A bowl and spoon containing cocaine residue were located in the kitchen, another common room over which appellant had at least joint control. In addition, baggies with cocaine residue were found in appellant's bedroom, as well as packaging *656 materials for cocaine. The totality of the circumstances was sufficient to create a question of fact for the jury as to appellant's constructive knowledge of the drugs.
Appellant also claims that the court's failure to give his requested non-standard jury instruction constitutes reversible error. An appellate court will not reverse a trial court's decision regarding a jury instruction absent prejudicial error that would result in a miscarriage of justice. Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA 1997). We conclude that the trial court did not abuse its discretion in denying the special instruction, and it did not result in a miscarriage of justice.
Affirmed.
POLEN and TAYLOR, JJ., concur.