GERBER, J.
 

 The defendant below appeals his conviction for fleeing and eluding a law enforcement officer under section 316.1935(1), Florida Statutes (2006). The defendant argues that the crime’s standard jury instruction uses a word different from the statute, and that the trial court erred in denying the defendant’s request to use the correct word from the statute. We find the terminology difference to be immaterial and affirm.
 

 Section 316.1935(1) provides, in pertinent part, “[i]t is unlawful for the operator of any vehicle, having knowledge that he or she has been
 
 ordered
 
 to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order.” § 316.1935(1), Fla. Stat. (2006) (emphasis added). However, the standard jury instruction provides that, to prove this crime, the State must prove the following three elements:
 

 1. [Defendant] was operating a vehicle upon a street or highway in Florida.
 

 2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
 

 3. [Defendant], knowing [he][she] had been
 
 directed
 
 to stop by a duly authorized law enforcement officer ... willfully refused or failed to stop the vehicle in compliance with the order.
 

 Fla. Std. Jury Instr. (Crim.) 28.6 (emphasis added).
 

 The defendant requested the trial court to replace the word “directed” in paragraph 3 with “ordered” as used in the statute. The defendant alleged that “directed” somehow broadens the crime’s scope beyond the statute’s intent. The trial court decided to follow the standard instruction. After the defendant’s conviction, this appeal followed.
 

 The defendant has the burden of demonstrating that the trial court abused its discretion in giving the standard instruction.
 
 Stephens v. State,
 
 787 So.2d 747, 755-56 (Fla.2001). The defendant has not met his burden. We recognize that, “[w]hile the standard jury instructions are intended to assist the trial court in its responsibility to charge the jury on the
 
 *1253
 
 applicable law, the instructions are intended only as a guide, and can in no [way] relieve the trial court of its responsibility to charge the jury correctly in each case.”
 
 Steele v. State,
 
 561 So.2d 638, 645 (Fla. 1st DCA 1990). However, we find the words “ordered” and “directed,” as used in the standard instruction, are synonymous. Accordingly, the instruction’s use of “directed” in paragraph 3 is immaterial. Thus, the trial court did not abuse its discretion in following the standard instruction and rejecting the defendant’s requested instruction.
 
 See Duncan v. State,
 
 986 So.2d 653, 656 (Fla. 4th DCA 2008) (“An appellate court will not reverse a trial court’s decision regarding a jury instruction absent prejudicial error that would result in a miscarriage of justice.”).
 

 To avoid this issue from recurring, we encourage the Supreme Court Committee on Jury Instructions in Criminal Cases to replace the word “directed” with “ordered” in paragraph 3 of the standard instruction.
 

 Affirmed.
 

 POLEN and MAY, JJ., concur.