# Supreme Court of Florida

_____

No. SC18-1716
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-10.**

December 13, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions.  The Committee asks that the Court authorize amended standard

instructions 10.20 ([Care] [Custody] [Possession] [Control] of [a Firearm]

[Ammunition] While a Final Injunction for [Domestic Violence] [Stalking]

[Cyberstalking] is in Effect), 14.8 (Unlawful Possession of a Stolen [Credit]

[Debit] Card), 16.11 ([Possession] [Control] [Intentional Viewing] of Material

Including Sexual Conduct by a Child), 20.18(a) (Unlawful Possession of the

Personal Identification Information of Another Person), 22.10 (Possessing a

Lottery Ticket), 22.11 (Possessing Rundown Sheets, Etc.), and 22.15

([Manufacturing] [Owning] [Storing] [Keeping] [Possession of] [Permitting the

Operation of] [Selling] [Leasing] [Transporting] a Slot Machine) for publication and use.[1]

The Committee filed its report after publishing the proposals in *The Florida Bar News*. No comments were received by the Committee. We authorize for publication and use instructions 14.8, 16.11, and 20.18 as proposed. Instruction 22.15 is authorized for publication and use as proposed, with a correction to the title and statutory citations, and instructions 10.20, 22.10, and 22.11 are authorized for publication and use as modified. The more significant amendments to the instructions are discussed below.

First, consistent with this Court's decision in *In re Standard Jury Instructions in Criminal Cases—Report 2017-03*, 238 So. 3d 182, 183 (Fla. 2018), the concept of "possession" is added to each of the instructions and prior language is deleted.

Next, with regard to instruction 10.20, we amend the paragraph defining "firearm" to read as follows: "[The term 'firearm' does not include an antique firearm unless the antique firearm is used in the commission of another crime.]" However, without explanation for the proposal, we decline to delete the definition for "care" and "custody," which terms are included in the statutory provision

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

defining the offense of "[p]ossession of firearm or ammunition prohibited when person is subject to an injunction against committing acts of domestic violence, stalking, or cyberstalking." *See* § 790.233(1), Fla. Stat (2018).

Lastly, in instructions 22.10, 22.11, and 22.15, on our own motion, we replace the references to a repealed statute, section 849.161, with section 546.10, Florida Statutes. *See* ch. 2015-93, §§ 1, 3, Laws of Fla. In addition, in instruction 22.15, we also correct the citation to section 849.094(8)(b), Florida Statutes, to properly cite for the proposition that "[c]ompliance with the rules of the Department of Agriculture and Consumer Services is not a defense to a charge of Possession of a Slot Machine or Device."

Having considered the Committee's report, we authorize the amended instructions as set forth in the appendix to this opinion, for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## 10.20 [CARE] [CUSTODY] [POSSESSION] [CONTROL] OF [A FIREARM] [AMMUNITION] WHILE A FINAL INJUNCTION FOR [DOMESTIC VIOLENCE] [STALKING] [CYBERSTALKING] IS IN EFFECT
§ 790.233(1), Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following three elements beyond a reasonable doubt**:

1. **A judge issued a final injunction for protection against [domestic violence] [stalking] [cyberstalking] against** (defendant)**.**

2. **The final injunction had been served upon** (defendant) **or** (defendant) **had acknowledged receipt.**

3. **While the final injunction was in force and effect,** (defendant) **had [ammunition] [a firearm] in [his] [her] care, custody, possession, or control.**

*Definitions. Give as applicable.*
*Fla. Stat. § 790.001(6), Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon, any firearm muffler or firearm silencer; any destructive device; any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a<u>nother</u> crime.]** *See Fla. Stat. § 790.001(1), Fla. Stat. for the definition of antique firearm.*

*Fla. Stat. § 790.001(4), Fla. Stat.*
**"Destructive device" means any bomb, grenade, mine, rocket, missile, pipebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in**

converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.

"Destructive device" does not include:
   a. A device which is not designed, redesigned, used, or intended for use as a weapon;

   b. Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;

   c. Any shotgun other than a short-barreled shotgun; or

   d. Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.

~~Fla. Stat.~~ § 790.001(19), <u>Fla. Stat.</u>
"Ammunition" means an object consisting of all of the following:
   a. A fixed metallic or nonmetallic hull or casing containing a primer;

   b. One or more projectiles, one or more bullets, or shot;

   c. Gunpowder.

"Care" and "custody" mean immediate charge and control exercised by a person over the named item. The terms care, custody, and control may be used interchangeably.

*Possession.*

**To prove** (defendant) **"possessed" [a firearm] [ammunition], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [firearm] [ammunition]; and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over [a firearm] [ammunition] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to [a firearm] [ammunition] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [firearm] [ammunition] or the present ability to direct its control by another.**

*Joint possession.*
**Possession of [a firearm] [ammunition] may be sole or joint, that is, two or more persons may possess it.**

~~**There are two ways to exercise control: actual possession and constructive possession.**~~

*~~Actual possession.~~*
~~**Actual possession means the person is aware of the presence of the object and**~~

> ~~**a. the object is in the hand of or on the person, or**~~

> ~~**b. the object is in a container in the hand of or on the person, or**~~

> ~~**c. the object is so close as to be within ready reach and is under the control of the person.**~~

*~~Constructive possession.~~*
~~**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**~~

*~~Give if applicable.~~*
~~**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**~~

*~~Give if applicable.~~*
~~**In order to establish constructive possession of an object that was in a place** (defendant) **did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**~~

*~~Joint possession.~~*
~~**Possession may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**~~

*~~Inferences.~~*
*~~Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).~~*
~~**If you find that** (defendant)**:**~~

~~**a. had direct physical custody of the [ammunition] [firearm], or**~~

~~**b. was within ready reach of the [ammunition] [ firearm] and the [ammunition] [firearm] was under [his] [her] control, or**~~

~~**c. had exclusive control of the place where the [ammunition] [firearm] was located,**~~

~~**you may infer that [he] [she] was aware of the presence of the [ammunition] [ firearm] and had the ability to control [it] [them].**~~

~~**If** (defendant) **did not have exclusive control over the place where [ammunition] [a firearm] was located, you may not infer [he] [[she] had knowledge of the presence of the [ammunition] [firearm] or the ability to control [it] [them], in the absence of other incriminating evidence.**~~

*~~Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).~~*
~~**However, you may infer that** (defendant) **knew of the presence of the [ammunition] [firearm] and had the ability to control [it] [them] if [he] [she] had joint control over the place where the [ammunition] [firearm] was located, and the [ammunition] [firearm] was located in a common area in plain view and in the presence of the defendant.**~~

## Lesser Included Offenses

| [CARE] [CUSTODY] [POSSESSION] [CONTROL] OF [A FIREARM] [AMMUNITION] WHILE A FINAL INJUNCTION FOR [DOMESTIC VIOLENCE] [STALKING] [CYBERSTALKING] IS IN EFFECT 790.233(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

This crime does not apply to a state or local officer as defined in ~~Fla. Stat.~~ § 943.10(14), Fla. Stat., holding an active certification, who received or possessed a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency, unless otherwise prohibited by the employing agency.

This instruction was adopted in 2014 [148 So. 3d 1204] and amended in 2018.

## 14.8   UNLAWFUL POSSESSION OF A STOLEN [CREDIT] [DEBIT] CARD
§ 817.60(8), Fla. Stat.

**To prove the crime of Unlawful Possession of a Stolen [Credit] [Debit] Card, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **knowingly [possessed] [received] [retained custody of] a [credit] [debit] card.**

2. **The [credit] [debit] card had been taken from the [possession] [custody] [control] of another without the cardholder's consent.**

**3.** The (defendant) **knew the [credit] [debit] card had been taken from the [possession] [custody] [control] of another without the cardholder's consent.**

**4.** **At the time** (defendant) **[possessed] [received] [retained] the [credit] [debit] card, [he] [she] had the intent to impede the recovery of the [credit] [debit] card by the cardholder.**

*Definitions.*
*§ 817.58(4), Fla. Stat.*
**"Credit card" means any instrument or device, whether known as a credit card, credit plate, bank service card, banking card, check guarantee card, electronic benefits transfer (EBT) card, or debit card or by any other name, issued with or without fee by an issuer for the use of the cardholder in obtaining money, goods, services, or anything else of value on credit or for use in an automated banking device to obtain any of the services offered through the device.**

*Possession.*
**To prove that a person "possessed" a [credit] [debit] card, the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [credit] [debit] card; and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over a [credit] [debit] card whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to a [credit] [debit] card does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that the person had direct personal power to control the [credit] [debit] card or the present ability to direct its control by another.**

*Joint possession.*
**Possession of [credit] [debit] card may be sole or joint, that is, two or more persons may possess it.**

~~**To "possess" means to have personal charge of or exercise the right of ownership, management, or control over an object.**~~

- 10 -

~~Possession may be actual or constructive.~~

~~Actual possession means~~

> ~~a. the object is in the hand of or on the person, or~~

> ~~b. the object is in a container in the hand of or on the person, or~~

> ~~c. the object is so close as to be within ready reach and is under the control of the person.~~

*Give if applicable.*
~~Mere proximity to an object is not sufficient to establish control over that object when it is not in a place over which the person has control.~~

~~Constructive possession means the object is in a place over which~~ (defendant) ~~has control, or in which~~ (defendant) ~~has concealed it.~~

~~If an object is in a place over which~~ (defendant) ~~does not have control, the State establishes constructive possession if it proves that~~ (defendant) ~~(1) has knowledge that the object was within~~ (defendant's) ~~presence, and (2) has control over the object.~~

~~Possession may be joint, that is, two or more persons may jointly possess an object, exercising control over it. In that case, each of those persons is considered to be in possession of that object.~~

> *~~Inference of knowledge of presence. A special instruction may be necessary if the object is in a common area, in plain view, and in the presence of the defendant, who is a joint owner or joint occupant of the place in which the object was located. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).~~*

~~If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.~~

**Lesser Included Offenses**

| UNLAWFUL POSSESSION OF A STOLEN [CREDIT] [DEBIT] CARD—817.60(8) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04 | 5.1 |

**Comments**

Pursuant to § 817.60(8), Fla. Stat., it is not a crime for a retailer or retail employee, in the ordinary course of business, to possess, receive, or return a credit card or debit card that the retailer or retail employee does not know was stolen or to possess, receive, or retain a credit card or debit card that the retailer or retail employee knows is stolen for the purpose of an investigation into the circumstances regarding the theft of the card or its possible unlawful use.

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2018.

## 16.11 [POSSESSION] [CONTROL] [INTENTIONAL VIEWING] OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD
§ 827.071(5)(a), Fla. Stat.

**To prove the crime of [Possession] [Control] [Intentional Viewing] of Material including Sexual Conduct by a Child, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **[knowingly possessed] [knowingly controlled] [intentionally viewed] a[n] [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation].**

2.  **The [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation] included, in whole or in part, sexual conduct by a child less than 18 years of age.**

**3.** (Defendant) **knew that the [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation] included sexual conduct by a child less than 18 years of age.**

*Definitions. Give if applicable.*
*§ 827.071(1)(h), Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.**

*Give if applicable.*
**A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

*Give as applicable.§ 827.071(1)(a), Fla. Stat.*
**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

*§ 827.071(1)(e), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.**

*§ 827.071(1)(f), Fla. Stat.*
**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose. "Bona fide" means genuine.**

*§ 827.071(1)(g), Fla. Stat.*

"**Sexual bestiality**" means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*§ 827.071(1)(j), Fla. Stat.*
"**Simulated**" means the explicit depiction of "sexual conduct," as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.

*§ 827.071(1)(b), Fla. Stat.*
"**Intentionally view**" means to deliberately, purposefully, and voluntarily view. Proof of intentional viewing requires establishing more than a single image, motion picture, exhibition, show, image, data, computer depiction, representation, or other presentation over any period of time.

*Possession.*
**To prove** (defendant) **possessed a[n] [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation] that included sexual conduct by a child, the State must prove beyond a reasonable doubt that [he] [she] a) knew of the nature of the material in the [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation]; and b) intentionally exercised control over that [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation].**

*Give if applicable.*
**Control can be exercised over an item whether the item is carried on a person, near a person, or in a completely separate location. Mere proximity to an item does not establish that the person intentionally exercised control over the item in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the item or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession may be sole or joint, that is, two or more persons may possess a[n] [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation].**

**Lesser Included Offenses**

- 14 -

| [POSSESSION] [CONTROL] [INTENTIONAL VIEWING] OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD— § 827.071(5)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

Effective October 1, 2012, if the photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation includes sexual conduct by more than one child, then each such child in each such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation that is knowingly possessed, controlled, or intentionally viewed is a separate offense.

This instruction was adopted in 2008 [995 So. 2d 489] and amended in 2013 [131 So. 3d 720] and 2018.


### 20.18(a)  UNLAWFUL POSSESSION OF THE PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON
§ 817.5685, Fla. Stat.

**To prove the crime of Unlawful Possession of the Personal Identification Information of Another Person, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **[intentionally] [or] [knowingly] possessed the personal identification information of** (victim)**.**

2. (Defendant) **did not have authorization to do so.**

- 15 -

*Possession.*
~~There are two types of possession: actual possession and constructive possession.~~

~~A person has actual possession of an item when he or she is aware of the presence of the item and [either] has physical control over the item [or the item is so close as to be within ready reach and is under the control of the person].~~

~~A person has constructive possession of an item when he or she is not in actual possession of the item but is aware of the presence of the item, the item is in a place over which he or she has control, and he or she has the ability to control the item.~~

*Give if applicable.*
~~Mere proximity to an item is not sufficient to establish the power and intention to control that item when the item is in a place that the person does not control.~~

*Joint possession.*
~~Possession of an item may be sole or joint, that is, two or more persons may be aware of the presence of an item and may jointly exercise control over it.  In that case, each of those persons is considered to be in possession of the item.~~

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
~~If you find that~~ (defendant)~~:~~
~~a.  had direct physical custody of the item, [or]~~
~~b.  was within ready reach of the item and the item was under [his] [her] control, [or]~~
~~c.  had exclusive control of the place where the item was located,~~

~~you may infer that [he] [she] was aware of the presence of the item and had the power and intention to control it.~~

~~If~~ (defendant) ~~did not have exclusive control over the place where an item was located, you may not infer [he] [she] had knowledge of the presence~~

**~~of the item or the power and intention to control it, in the absence of other incriminating evidence.~~**

*~~Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).~~*
**~~However, you may infer that~~** (defendant) **~~knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.~~**
**To prove** (defendant) **"possessed personal identification information," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the personal identification information; and b) intentionally exercised control over that personal identification information.**

**Control can be exercised over personal identification information whether the information is carried on a person, near a person, or in a completely separate location. Mere proximity to the personal identification information does not establish that the person intentionally exercised control over the personal identification information in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the personal identification information or the present ability to direct its control by another.**

*Joint Possession.*
**Possession of personal identification information may be sole or joint, that is, two or more persons may possess the personal identification information.**
*Enhancement. Give if applicable. § 817.5685(3)(b)2, Fla. Stat.*
**If you find** (defendant) **guilty of Unlawful Possession of the Personal Identification Information of Another Person, you must then determine whether the State proved beyond a reasonable doubt that [he] [she] [intentionally] [or] [knowingly], and without authorization, possessed the personal identification information of five or more persons.**

*Definitions.*
*§ 817.5685(1), Fla. Stat.*
**"Personal identification information" means a person's social security number, official state-issued or United States-issued driver license or identification number, alien registration number, government passport number, employer or taxpayer identification number, Medicaid or food**

- 17 -

**assistance account number, bank account number, credit or debit card number, and medical records.**

*Give if applicable. § 817.5685(2), Fla. Stat.*
**The personal identification information can be in any form, including, but not limited to, mail, physical documents, identification cards, or information stored in digital form.**

*Give if applicable. Personal identification of five or more individuals. § 817.5685(3)(b)1., Fla. Stat.*
**Proof that** (defendant) **used or was in possession of the personal identification information of five or more individuals, unless satisfactorily explained, gives rise to an inference that** (defendant) **used or was in possession of the personal identification information knowingly and intentionally without authorization.**

*Affirmative defenses. Give as applicable. § 817.5685(4) and § 817.5685(5), Fla. Stats.*
*§ 817.5685, Fla. Stat., and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defenses and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*
**It is a defense to the crime of Unlawful Possession of the Personal Identification Information of Another Person if, at the time of the possession,** (defendant)**:**

    a.  **was under the reasonable belief that such possession was authorized by law or by the consent of** (victim)**.**

    b.  **obtained** (victim's) **personal identification information from a forum or resource that was open or available to the general public or from a public record.**

**c.** **was the parent or legal guardian of** (victim) **and** (victim) **was a child.**

**d.** **was appointed by a court to act as the guardian of** (victim) **and was authorized to possess** (victim's) **personal identification information and make decisions regarding access to that personal identification information.**

**e.** **was an employee of a governmental agency and possessed** (victim's) **personal identification information in the ordinary course of business.**

**f.** **was a person engaged in a lawful business and possessed** (victim's) **personal identification information in the ordinary course of business.**

**g.** **was a person who found a card or document issued by a governmental agency that contained** (victim's) **personal identification information and [he] [she] took reasonably prompt action to return that card or document to its owner, to the governmental agency that issued the card or document, or to a law enforcement agency.**

**Lesser Included Offense**

| UNLAWFUL POSSESSION OF THE PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON — 817.5685 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2016 [190 So. 3d 614] and amended in 2018.

**22.10 POSSESSING A LOTTERY TICKET**
§ 849.09(1)(h), Fla. Stat.

To prove the crime of Possessing a Lottery Ticket, the State must prove beyond a reasonable doubt that:

(Defendant) **had in [his] [her] possession a lottery ticket or a coupon, share, or token evidencing some interest in a live lottery yet to be played or in a lottery that has already been played.**

*Definitions.*
*Lottery.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*Lottery ticket, coupon, or share.*
**A "lottery ticket, coupon, or share" is any paper, token, or thing that represents the right of the possessor to receive all or any part of a prize awarded or to be awarded in the operation of a lottery. It is not necessary that the rights of the holder be written or printed in plain language. It is sufficient if the ticket, coupon, share, or token by any manner known to those familiar with a particular lottery being played indicates or represents the rights of its owner or possessor.**

*Possession.*

~~There are two types of possession: actual possession and constructive possession.~~

*Actual possession.*

~~Actual possession means the person is aware of the presence of the object and~~

> ~~d. the object is in the hand of or on the person, or~~

> ~~e. the object is in a container in the hand of or on the person, or~~

> ~~f. the object is so close as to be within ready reach and is under the control of the person.~~

*Constructive possession.*

~~Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.~~

*Give if applicable.*

~~Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.~~

*Give if applicable.*

~~In order to establish constructive possession of an object that was in a place~~ (defendant) ~~did not control, the State must prove~~ (defendant) ~~(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.~~

*Joint possession.*

~~Possession may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.~~

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

- 21 -

**If you find that** (defendant)**:**

d.   had direct physical custody of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] or

e.   was within ready reach of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] and the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was under [his] [her] control, or

f.   had exclusive control of the place where the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located,

you may infer that [he] [she] was aware of the presence of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] and had the ability to control [it] [them].

If (defendant) did not have exclusive control over the place where the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located, you may not infer [he] [[she] had knowledge of the presence of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] or the ability to control [it] [them], in the absence of other incriminating evidence.

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
However, you may infer that (defendant) knew of the presence of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] and had the ability to control [it] [them] if [he] [she] had joint control over the place where the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located, and the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located in a common area in plain view and in the presence of the defendant.
**To prove** (defendant) **possessed a [lottery ticket] [coupon, share, or token], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [lottery ticket] [coupon, share, or token]; and b) intentionally exercised control over that [lottery ticket] [coupon, share, or token].**

*Give if applicable.*
**Control can be exercised over a [lottery ticket] [coupon, share, or token] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to a [lottery ticket] [coupon, share, or token] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [lottery ticket] [coupon, share, or token] or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a [lottery ticket] [coupon, share, or token] may be sole or joint, that is, two or more persons may possess a [lottery ticket] [coupon, share, or token].**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., § 849.0935, Fla. Stat., or in § ~~849.161~~546.10, Fla. Stat., an appropriate instruction should be given.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938] and 2018.

## 22.11 POSSESSING RUNDOWN SHEETS, ETC.

- 23 -

**To prove the crime of Possessing [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **had in [his] [her] possession [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia].**

2. **These articles were designed for use, directly or indirectly, in gambling or in the conduct of a lottery.**

*Definitions.*
*Gambling.*
**"Gambling" is a game of chance in which the participant risks money or property on the outcome with the expectation of gaining or losing as a result of the game.**

*Lottery.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of**

which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.

*Possession.*
~~There are two types of possession: actual possession and constructive possession.~~

*Actual possession.*
~~Actual possession means the person is aware of the presence of the object and~~
~~a.          the object is in the hand of or on the person, or~~

~~b.          the object is in a container in the hand of or on the person, or~~

~~c.          the object is so close as to be within ready reach and is under the~~

~~control of the person.~~

*Constructive possession.*
~~Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.~~

*Give if applicable.*
~~Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.~~

*Give if applicable.*
~~In order to establish constructive possession of an object that was in a place~~ (defendant) ~~did not control, the State must prove~~ (defendant) ~~**(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**~~

*Joint possession.*
~~Possession may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it.  In that case, each of those persons is considered to be in possession of that object.~~

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

a.    **had direct physical custody of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia], or**

b.    **was within ready reach of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] and the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were under [his] [her] control, or**

c.    **had exclusive control of the place where the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located,**

**you may infer that [he] [she] was aware of the presence of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] and had the ability to control them.**

**If** (defendant) **did not have exclusive control over the place where the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located, you may not infer [he] [[she] had knowledge of the presence of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] or the ability to control them, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia]] and had the ability to control them if [he] [she] had joint control over the place where the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located, and the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located in a common area in plain view and in the presence of the defendant.**
**To prove** (defendant) **possessed [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], the State must prove**

**beyond a reasonable doubt that [he] [she] a) knew of the existence of the Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia]; and b) intentionally exercised control over those [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia],**

*Give if applicable.*
**Control can be exercised over Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], whether they are carried on a person, near a person, or in a completely separate location. Mere proximity to [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], does not establish that the person intentionally exercised control over them in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], or the present ability to direct their control by another.**

*Joint possession. Give if applicable.*
**Possession of [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], may be sole or joint, that is, two or more persons may possess [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia],.**


*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., § 849.0935, Fla. Stat., or in § 849.161546.10, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the

promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938] and 2018.


## 22.15  [MANUFACTU<u>R</u>ING] [OWNING] [STORING] [KEEPING] [POSSESSION OF] [PERMITTING THE OPERATION OF] [SELLING] [LEASING] [TRANSPORTING] A SLOT MACHINE
§ 849.15(1)(a) and (b), Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following element beyond a reasonable doubt:**

*Give as applicable.*
(Defendant)

a. **[manufactured] [owned] [stored] [kept] [possessed] [sold] [leased] [let on shares] [lent] [gave away] [transported] [exposed for sale or lease] any slot machine or device [or any part of a slot machine or device].**

b. **offered to [sell] [rent] [lease] [let on shares] [lend] [give away] any slot machine or device [or any part of a slot machine or device].**

c. **permitted the operation of any slot machine or device [or any part of a slot machine or device].**

d. **permitted any slot machine or device [or any part of a slot machine or device] to be [placed] [maintained] [used] [kept] in a [room] [space] [building] owned, leased, or occupied by [him] [her] or under [his] [her] management or control.**

e. **[or permitted to be made] an agreement with another, pursuant to which the user of any slot machine or device, may become entitled to receive [money] [credit] [allowance] [a thing of value]**

- 28 -

> **[an additional chance or right to use the slot machine or device]**
> **[any [check] [slug] [token] [memorandum] entitling the holder to receive [money] [credit] [allowance] [or] [thing of value]].**

*§ 849.16, Fla. Stat.*
A "slot machine or device" is a machine or device or system or network of devices that is adapted for use in such a way that, upon activation, which may be achieved by, but is not limited to, the insertion of any piece of money, coin, account number, code, or other object or information, such device or system is directly or indirectly caused to operate or may be operated and if the user, whether by application of skill or by reason of any element of chance or of any other outcome unpredictable by the user, may:

a) receive or become entitled to receive any piece of money, credit, allowance, or thing of value; or

b) receive or become entitled to receive any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or

c) secure additional chances or rights to use such machine, apparatus, or device, even though the device or system may be available for free play, or, in addition to any element of chance or unpredictable outcome of such operation, may also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value.

*Give if applicable. §§ 849.16(1)(b), 551.102(8), Fla. Stats.*
A "slot machine" includes, but is not limited to, devices regulated as slot machines under chapter 551 of Florida Statutes. Under chapter 551, a "slot machine" means any mechanical or electrical contrivance, terminal that may or may not be capable of downloading slot games from a central server system, machine, or other device that, upon insertion of a coin, bill, ticket, token, or similar object or upon payment of any consideration whatsoever, including the use of any electronic payment system except a credit card or debit card, is available to play or operate, the play or operation of which, whether by reason of skill or application of the element of chance or both, may deliver or entitle the person or persons playing or operating the

contrivance, terminal, machine, or other device to receive cash, billets, tickets, tokens, or electronic credits to be exchanged for cash or to receive merchandise or anything of value whatsoever, whether the payoff is made automatically from the machine or manually. The term includes associated equipment necessary to conduct the operation of the contrivance, terminal, machine, or other device. Slot machines may use spinning reels, video displays, or both. [A slot machine is not a "coin-operated amusement machine" as defined in § 212.02(24), Fla. Stat. or an amusement game or machine as described in § 849.161546.10, Fla. Stat.]** *Instruct on § 212.02(24), Fla. Stat. or § 849.161546.10, Fla. Stat. as applicable.*

*Give if applicable. § 849.094(8)(ab), Fla. Stat.*
**Compliance with the rules of the Department of Agriculture and Consumer Services is not a defense to a charge of Possession of a Slot Machine or Device.**

*Give if applicable. § 849.16(3), Fla. Stat.*
**You are permitted to infer that a device, system, or network is a prohibited slot machine or device if it is used to display images of games of chance and is part of a scheme involving any payment or donation of money or its equivalent and awarding anything of value.**

*Possession.*
**To prove** (defendant) **possessed a slot machine or device, [or any part of a slot machine or device,] the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the slot machine or device [or any part of a slot machine or device]; and b) intentionally exercised control over that slot machine or device [or any part of a slot machine or device].**

*Give if applicable.*
**Control can be exercised over a slot machine or device, [or any part of a slot machine or device,] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to a slot machine or device [or any part of a slot machine or device] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the slot machine or device [or any part of a slot machine or device] or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*

**Possession of a slot machine or device [or any part of a slot machine or device] may be sole or joint, that is, two or more persons may possess a slot machine or device [or any part of a slot machine or device].**

**Lesser Included Offenses**

| [POSSESSION] [PERMITTING THE OPERATION] OF A SLOT MACHINE — 849.15(1)(a) and (b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

It is not necessary for the State to prove that the slot machine or device was used for gambling. *See Eccles v. Stone,* 183 So. 628 (Fla. 1938)*; Dept. of Business Regulation v. Rains,* 477 So. 2d 1029 (Fla. 2d DCA 1985).

It is a defense to Possession of a Slot Machine if the device is an antique slot machine and is not being used for gambling. An antique slot machine is one which was manufactured at least 20 years prior to the prosecution. See*See* § 849.235, Fla. Stat.

This instruction was adopted in 2013 [122 So. 3d 302] and amended in 2014 [148 So. 3d 1204] and 2018.