# Supreme Court of Florida

_____

No. SC19-1063
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-05.**

December 19, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions.

We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

On June 27, 2019, the Committee filed a report proposing amendments to

existing standard criminal jury instructions 22.5 (Setting Up, Promoting,

Conducting a Lottery), 22.6 (Disposing of [Money] [Property] by Lottery), 22.7

([Conducting] [Advertising] a Lottery Drawing), 22.8 (Assisting in Setting Up,

Promoting, or Conducting a Lottery), 22.9 ([Sale of Lottery Tickets] [Offering

Lottery Tickets for Sale] [Transmitting Lottery Tickets]), 22.10 (Possessing a

Lottery Ticket), and 22.11 (Possessing Rundown Sheets, Etc.). The Committee

published the proposals in the May 1, 2019, edition of *The Florida Bar News*. No comments were received by the Committee. The Court did not publish the Committee's proposals.

The Committee's proposals are based, in part, upon the Court's sua sponte amendments in *In re Standard Jury Instructions in Criminal Cases—Report 2018-10*, 259 So. 3d 765 (Fla. 2018), to instructions 22.10 and 22.11 by substituting section 546.10, Florida Statutes (2018), for repealed section 849.161, Florida Statutes (2014), in the italicized paragraph pertaining to exceptions to a lottery. The Committee further proposes amending the other lottery-related instructions. The proposals are straightforward, and accordingly the instructions are amended to reword and relocate the italicized sentence pertaining to exceptions to a lottery to the "Comments" section of each instruction, and to remove the citation to either repealed section 849.161 or to section 546.10, as applicable.

Having considered the Committee's report, we authorize for publication and use amended instructions 22.5-22.11 as proposed, and as set forth in the appendix to this opinion.[1] New language is indicated by underlining, and deleted language

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions

is indicated by struck-through type.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

---

authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

## 22.5 SETTING UP, PROMOTING, CONDUCTING A LOTTERY
§ 849.09(1)(a), Fla. Stat.

**To prove the crime of [Setting Up] [Promoting] [Conducting] a Lottery, the State must prove beyond a reasonable doubt that:**

(Defendant) **[set up] [promoted] [conducted] a lottery for [money] [anything of value].**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

| LOTTERY — 849.09(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Playing at game of chance by lot | 849.11 | |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939)(holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

This instruction was adopted in 1981 and amended in 2014 [143 So. 3d 893], and 2015 [176 So. 3d 938], and 2019.

# 22.6 DISPOSING OF [MONEY] [PROPERTY] BY LOTTERY
§ 849.09(1)(b), Fla. Stat.

**To prove the crime of Disposing of [Money] [Property] by Lottery, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **disposed of [money] [property].**

**2. The [money] [property] was disposed of by means of a lottery.**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., in § 849.0931, Fla. Stat., § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

## Lesser Included Offenses

| LOTTERY — 849.09(1)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

## Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938], and 2019.


## 22.7 [CONDUCTING] [ADVERTISING] A LOTTERY DRAWING
§ 849.09(1)(c), Fla. Stat.

**To prove the crime of [Conducting] [Advertising] a Lottery Drawing, the State must prove the following beyond a reasonable doubt:**

*Give a and/or b as applicable.*

a.      (Defendant) **conducted a lottery drawing.**

b.      (Defendant) **advertised a lottery drawing [in a newspaper] [or] [by [a circular] [a poster] [a pamphlet] [radio] [telegraph] [telephone] [or otherwise]].**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*

A **"lottery" has three elements:  (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

A **"bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

A **"thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

A **"prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., in § 849.0931, Fla. Stat., or in § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

| LOTTERY — 849.09(1)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938] and 2019.

## 22.8 ASSISTING IN SETTING UP, PROMOTING, OR CONDUCTING A LOTTERY
§ 849.09(1)(d), Fla. Stat.

**To prove the crime of Assisting in Setting up, Promoting, or Conducting a Lottery, the State must prove the following two elements beyond a reasonable doubt:**

1. **There was a lottery set up, promoted, or conducted.**

*Give 2a or 2b as applicable.*
2. **a**. [(Defendant) **aided or assisted in setting up, promoting, or conducting the lottery by** (read from charge)].

   **b.** [(Defendant) **was interested in or connected with the lottery by** (read from charge)].

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., in § 849.0931, Fla. Stat., or in § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

| LOTTERY — 849.09(1)(d) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Playing at game of chance by lot | 849.11 | |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939)(holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938] and 2019.

## 22.9 [SALE OF LOTTERY TICKETS] [OFFERING LOTTERY TICKETS FOR SALE] [TRANSMITTING LOTTERY TICKETS]
§ 849.09(1)(g), Fla. Stat.

**To prove the crime of [Sale of Lottery Tickets] [Offering Lottery Tickets for Sale] [Transmitting Lottery Tickets], the State must prove beyond a reasonable doubt that:**

(Defendant) **[sold] [offered for sale] [transmitted, in person or by mail or in some other way] a lottery ticket, coupon or share, or fractional part of a lottery ticket, coupon or share, representing an interest in a live lottery yet to be played or in a lottery that has already been played.**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., in § 849.0931, Fla. Stat., or in § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

A "**lottery ticket, coupon, or share**" is any paper, token, or thing that represents the right of the possessor to receive all or any part of a prize awarded or to be awarded in the operation of a lottery. It is not necessary that the rights of the holder be written or printed in plain language. It is sufficient if the ticket, coupon, share, or token, by any manner known to those familiar with a particular lottery being played, indicates or represents the rights of its owner or possessor.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938] and 2019.

## 22.10 POSSESSING A LOTTERY TICKET
§ 849.09(1)(h), Fla. Stat.

**To prove the crime of Possessing a Lottery Ticket, the State must prove beyond a reasonable doubt that:**

(Defendant) **had in [his] [her] possession a lottery ticket or a coupon, share, or token evidencing some interest in a live lottery yet to be played or in a lottery that has already been played.**

*Definitions.*
*Lottery.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*Lottery ticket, coupon, or share.*
**A "lottery ticket, coupon, or share" is any paper, token, or thing that represents the right of the possessor to receive all or any part of a prize awarded or to be awarded in the operation of a lottery. It is not necessary that the rights of the holder be written or printed in plain language. It is sufficient if the ticket, coupon, share, or token by any manner known to those familiar with a particular lottery being played indicates or represents the rights of its owner or possessor.**

*Possession.*
**To prove** (defendant) **possessed a [lottery ticket] [coupon, share, or token], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [lottery ticket] [coupon, share, or token]; and b) intentionally exercised control over that [lottery ticket] [coupon, share, or token].**

*Give if applicable.*
**Control can be exercised over a [lottery ticket] [coupon, share, or token] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to a [lottery ticket] [coupon, share, or token] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [lottery ticket] [coupon, share, or token] or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a [lottery ticket] [coupon, share, or token] may be sole or joint, that is, two or more persons may possess a [lottery ticket] [coupon, share, or token].**

~~*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., in § 849.0931, Fla. Stat., or in § 849.0935, Fla. Stat., or in § 546.10, Fla. Stat., an appropriate instruction should be given.*~~

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938], ~~and~~ 2018 [259 So. 3d 765], and 2019.

## 22.11 POSSESSING RUNDOWN SHEETS, ETC.
§ 849.09(1)(k), Fla. Stat.

**To prove the crime of Possessing [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **had in [his] [her] possession [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia].**

2. **These articles were designed for use, directly or indirectly, in gambling or in the conduct of a lottery.**

*Definitions.*
*Gambling.*
**"Gambling" is a game of chance in which the participant risks money or property on the outcome with the expectation of gaining or losing as a result of the game.**

*Lottery.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery" has three elements: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.

*Possession.*
**To prove** (defendant) **possessed [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia]; and b) intentionally exercised control over those [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia],**

*Give if applicable.*
**Control can be exercised over Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], whether they are carried on a person, near a person, or in a completely separate location. Mere proximity to [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], does not establish that the person intentionally exercised control over them in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], or the present ability to direct their control by another.**

*Joint possession. Give if applicable.*
**Possession of [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], may be sole or joint, that is, two or more persons may possess [Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia],.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., in § 849.0931, Fla. Stat., or in § 849.0935, Fla. Stat., or in § 546.10, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comments**

 *See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

 A special instruction will be needed if an exception, such as §§ 849.09(1), 849.092, 849.0931, or 849.0935, Fla. Stats., might apply.

 This instruction was adopted in 1981 and amended in 2015 [176 So. 3d 938] and 2018 [259 So. 3d 765], and 2019.